Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6530 | **DATE** | 1/3/2003 |
| **CASE TITLE** | Jose Bonsol vs. Brian Perryman, District Director | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Jose Bonsol's petition for habeas corpus is granted in part and denied in part. Respondents' motion to dismiss is denied. This case is hereby dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 0 6 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 11 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| RO | courtroom deputy's initials | 03 JAN -3 PH 4:28 | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOSE BONSOL, )
)
        Petitioner, )
) No. 02 C 6530
v. ) Judge Ruben Castillo
)
BRIAN PERRYMAN, District Director )
of the Immigration and Naturalization )
Services, and the UNITED STATES )
OF AMERICA, )
)
        Respondents. )

## MEMORANDUM OPINION AND ORDER

Petitioner Jose Bonsol filed a petition for a writ of habeas corpus challenging the constitutionality of § 236(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1226(c), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), arguing that its mandatory detention provision violates his due process rights. He sought immediate release from Immigration and Naturalization Service ("INS") custody or, at the minimum, an individualized bond hearing to assess whether detention without bond was warranted in his case. Respondents filed a motion to dismiss Bonsol's habeas corpus petition for failure to state a claim and for lack of subject matter jurisdiction. On December 10, 2002, this Court issued an order granting Bonsol's petition in part and denying it in part, and ordered the INS to hold an individualized bond hearing within 10 days.[1] We also denied the INS' motion to

---

[1] Pursuant to this Court's Order, the INS promptly granted Bonsol an individualized bond hearing, and the immigration judge set bond in the amount of $10,000.

1

dismiss. We issue this opinion to explain more fully our decision to grant Bonsol's request for an individualized bond hearing.

## RELEVANT FACTS

Petitioner Jose Bonsol, a citizen of the Philippines, has been a permanent resident alien in the United States since November 1996. On June 29, 2001, he was convicted of possessing methamphetamine in violation of Illinois law and was sentenced to two years' probation. *See* 720 ILCS 570/410. As a result of this offense the INS initiated deportation proceedings against Bonsol in August 2002. Pursuant to § 1226(c) of the INA, which requires the Attorney General to detain aliens deportable because of their criminal offenses, the INS detained Bonsol without bond. On September 4, 2002, the immigration judge, relying on § 1226(c), denied Bonsol's request for bond and ordered Bonsol removed to the Philippines. (R. 6, Resp't Mot. to Dismiss, Ex. 3, Immigration Judge Order.) Bonsol appealed the decision, contending that probation is not a "conviction" under Illinois law that triggers deportation proceedings under the INA. He presently awaits a final order of the Board of Immigration Appeals (BIA).

While awaiting the results of his BIA appeal, Bonsol filed a petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2241. Bonsol argues that the broad sweep of the INA's mandatory detention requirement without prior individualized bond hearings violates both the procedural and substantive due process guarantees of the Fifth Amendment. Bonsol further contends that Congress's twin rationales for mandatory detention under § 1226(c)—flight risk and danger to the community—are not present in every case and thus an individualized bond hearing is necessary to ensure that his liberty interests are adequately protected.

In response, the INS filed a motion to dismiss Bonsol's petition for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12(b)(6). Respondents argue first that Bonsol must exhaust his administrative remedies before seeking relief in federal court. The respondents further contend that the statute is constitutional and has been upheld by the Seventh Circuit in *Parra v. Perryman,* 172 F.3d 954, 958 (7th Cir. 1999).

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. N.W. Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998). All well-pleaded facts are taken as true, and all inferences are drawn in favor of the non-movant. *Dawson v. Gen. Motors Corp.,* 977 F.2d 369, 372 (7th Cir. 1992). The motion will be granted only if it appears beyond a doubt that the non-movant can prove no set of facts entitling him to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 432 (7th Cir. 1993).

## ANALYSIS

### I. This Court has jurisdiction over constitutional challenges to § 1226(c).

Federal district courts possess jurisdiction over constitutional questions raised in habeas corpus petitions. *See Calcano-Martinez v. INS,* 533 U.S. 348, 351 (2001); *Forbes v. Perryman,* 222 F. Supp. 2d 1076, 1077 (N.D. Ill. 2002). Although § 1226(e) of the INA forecloses judicial review of discretionary INS decisions on bond or detention, the constitutionality of the statute itself may still be adjudicated in court. *Parra,* 172 F.3d at 957. Moreover, where habeas corpus petitioners question the constitutionality of a statute, they need not exhaust administrative remedies prior to filing their petition. *Forbes,* 222 F. Supp. 2d at 1077; *Yanez v. Holder,* 149 F.

Supp. 2d 485, 489-90 (N.D. Ill. 2001). This Court, therefore, may exercise jurisdiction over Bonsol's due process claims and consider the constitutionality of § 1226(c).

**II. Without an individualized bond hearing, the INS' mandatory detention of Bonsol, a lawful permanent resident with a good-faith challenge to deportation, is unconstitutional.**

Section 1226(c) states that "the Attorney General *shall* take into custody any alien who ... is deportable by reason of having committed any offense" listed in the statute. 8 U.S.C. § 1226(c)(1)(B) (emphasis added). As Respondents note, the Seventh Circuit has ruled on the constitutionality of § 1226(c), at least as applied to aliens who concede their ultimate removability by the INS. *Parra,* 172 F.3d at 957. In *Parra,* the court held that mandatory detention under § 1226(c) did not implicate a fundamental liberty interest because the petitioner agreed with the INS that the drug offense to which he pled guilty made him eligible for deportation. *Id.* at 958. Because there was no possibility of avoiding deportation, the court opined that his request for a bond release was merely an attempt to "postpone[] the inevitable." *Id.* at 958. Significantly, however, *Parra* carved out an exception for three categories of aliens whose ultimate deportations, unlike Parra's own, are not certain: (1) aliens who claim they are citizens; (2) aliens who claim they have not been convicted of the offenses that trigger removal; and (3) aliens who have no country to which they can be removed. *Id.* at 957. Several courts have invoked these exceptions and have allowed aliens not conceding removability to bring due process challenges to § 1226(c). *See, e.g., Vang v. Ashcroft,* 149 F. Supp. 2d 1027, 1035 (N.D. Ill. 2001) (Pallmeyer, J.); *Gill v. Ashcroft,* No. 01 C 9879, 2002 WL 1163729, *4 (N.D. Ill. May 31, 2002) (Nordberg, J.).

*Vang* and *Gill* invoke *Parra's* second exception, holding that if the detained alien has a legitimate, potential defense to removal he may be eligible for release on bond while awaiting the final removal decision. In *Vang,* for example, the defendant's contention that he had not committed an aggravated felony cast sufficient doubt on the "inevitability" of his deportation that he deserved the possibility of release on bond. *Vang,* 149 F. Supp. 2d at 1036. Similarly, in *Gill*, the petitioner claimed that his Illinois disposition was not a "conviction" for purposes of the immigration statutes. *Gill*, 2002 WL 1163729, at *1. Like these cases, we believe that our case is distinguishable from *Parra* because Bonsol has not conceded his removability and, like the petitioner in *Gill*, raises a good-faith challenge to his removal based on his assertion that he was not "convicted" under Illinois law. Thus, we turn to the constitutionality of § 1226(c) as applied to Bonsol.

The Fifth Amendment's guarantee of substantive due process protects Americans, including lawful permanent residents of the United States, *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), against government conduct that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty," *Vang v. Ashcroft*, 149 F. Supp. 2d at 1034-5 (internal citation omitted). Where a fundamental liberty interest is at stake, the government's conduct must be narrowly tailored to meet a compelling interest. *Reno v. Flores*, 507 U.S. 292, 301-02 (1993); *United States v. Salerno*, 481 U.S. 739, 750-51 (1987); *Vang*, 149 F. Supp. 2d at 1035. At issue in this case is whether the mandatory detention of permanent resident aliens without possibility of bond is narrowly tailored to the INS' interest in: "(1) protecting the public from potentially dangerous criminal aliens; (2) preventing aliens from absconding during removal proceedings; and (3) correcting procedures under which twenty percent of criminal aliens

released on bond did not report for deportation hearings; and (4) restoring public faith in the immigration system." *Vang* at 1037 (*citing* S. Rep. No. 104-48, at *1-3 (1995)).

We believe that mandatory detention, as applied to lawful permanent resident aliens like Bonsol, is not necessary to ensure removal of criminals subject to § 1226(c), and is not narrowly tailored to that objective. The provision is not narrowly tailored because it adopts a categorical approach to detention, based only on the criterion of lack of United States citizenship. It does not account for the severity of the criminal offense at issue, the detainee's alien status, his ties to the community versus his risk of flight, or any other factor that is otherwise determinative according to Congress's stated reasons for the mandatory detention provision. Although Congress has broad power over immigration and thus it may be argued that such detention of aliens falls within this power, *see Flores*, 507 U.S. at 294-95, legal residents are entitled to heightened constitutional protection by virtue of their status and links to the community, *Zadvydas*, 533 U.S. at 694; *Landon v. Plasencia*, 459 U.S. 21, 32 (1982); *Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("Aliens . . . have long been recognized as 'persons guaranteed due process of law'"); *Patel v. Zemski*, 275 F.3d 299, 310 (3d Cir. 2001); *Gill*, 2002 WL 1163729, *5. *But see Welch v. Ashcroft*, 293 F.3d 213, 221 (4th Cir. 2002) (detention of permanent resident aliens pending the outcome of removal proceedings does not implicate a fundamental right); *Parra*, 172 F.3d at 958. Moreover, the relief sought in this case—an individualized bond hearing—does not in any way infringe on the political branches' plenary power with respect to immigration issues, *Zadvydas*, 533 U.S. at 695, 700; *Flores*, 507 U.S. at 305; our ruling simply accords detainees the opportunity to establish that detention pending removal is not warranted in their case.

Because we hold that Bonsol's substantive due process rights are infringed by the mandatory detention provision of § 1226(c), he is entitled to the due process that an individualized bond hearing provides. This minimal accommodation will ensure that Petitioner's due process rights are not abridged and is not onerous when weighed against the liberty interest at stake.[2]

## CONCLUSION

For the foregoing reasons, we granted in part and denied in part Bonsol's petition for habeas corpus, (R. 1-1), and denied the Government's motion to dismiss, (R. 6-1).

ENTERED:

Judge Ruben Castillo
United States District Court

Date: January 3, 2003

---

[2] We emphasize that this opinion is limited to the narrow holding that a legal resident alien, who contests his removability, may not be detained without an individualized bond hearing pursuant to § 1226(c) because such mandatory detention violates his substantive due process rights. We do not hold that § 1226(c) is facially invalid, nor do we decide whether Bonsol's procedural due process rights were violated in this case. *But see Welch*, 293 F.3d at 218 n.4 (noting that procedural due process challenge "collapses into" the substantive due process challenge).